# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| STEVEN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV408-203 |
| | ) | |
| ANGELA GRANT, *Mental Health Director*; LIEUTENANT PHILISIA MORALES; and FOUR UNKNOWN PRISON GUARDS, | ) ) ) ) | |
| | ) | |
| Defendants.[1] | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Steven Williams brought this 42 U.S.C. § 1983 civil rights action against Coastal State Prison personnel. Doc. 1. The Court previously screened his complaint under 28 U.S.C. § 1915A and concluded that he stated an Eighth Amendment claim. Doc. 8, *adopted*, doc. 12; *Williams v. Williams*, 2009 WL 1550857 at * 3 (S.D. Ga. June 1, 2009). It also twice denied his motion for appointment of counsel. *Williams v. Grant*, ___ F. Supp. 2d ___, 2009 WL 2390521 (S.D. Ga. July 6, 2009).

---

[1] The Court has amended the caption to omit Thalrone Williams, who was previously dismissed from this case, doc. 8 at 7, and to reflect the first name of "Lieutenant Morales," who is now identified by her full name on doc. 21 at 1. All subsequent filings shall conform.

The allegations against both the named and "John Doe" defendants in this case are reasonably straightforward: prison officials recklessly prescribed delusion- and paranoia-inducing pharmaceuticals to Williams, then dragged him (while handcuffed and unable to walk) across 50 feet of asphalt instead of first fetching him a wheelchair. Additionally, Williams says one "officer tried to get me to talk by putting the flame of his cigarette lighter against my wrist. I screamed in pain. He then put his lighter flame against my forearm and made me scream again." Doc. 8 at 3-4.

These assertions, the Court previously concluded, were enough to sustain Williams's complaint against all but one defendant. *Id.* at 7. Williams also alleged that the defendants were deliberately indifferent to his serious medical needs. *Id.* at 5 ("recklessly prescribing delusion and paranoia inducing pharmaceuticals"). Given plaintiff's pro se status, the Court authorized the complaint to advance under 28 U.S.C. § 1915A, even though some of his allegations were not defendant-specific.

Contending that Williams has failed to exhaust his administrative remedies with regard to his deliberate-indifference claim, the two named defendants have filed a pre-answer, Fed. R. Civ. P. 12(b)(6) motion to

dismiss[2] his deliberate indifference claims. Docs. 21 & 23. Alternatively they move to dismiss those claim on the merits (i.e., for failure to state a claim). Finally, they move to stay discovery and the case in general until their dismissal motion is reached. Doc. 20.

Williams's response is limited to the exhaustion issue and does not address the merits. Doc. 23. Local Rule 7.1 provides that a failure to respond to a motion indicates that it is unopposed, so the "merits" portion of defendants' Rule 12(b)(6) motion is not contested. Nevertheless, the Court will examine defendants' "merits" motion to

---

[2] The Eleventh Circuit recently instructed that

> "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555, 127 S.Ct. at 1965 (citation omitted). At the pleading stage, Federal Rule of Civil Procedure 8(a)(2) requires that "the plain statement possess enough heft to show that the pleader is entitled to relief." *Id.* at 557, 127 S.Ct. at 1966 (internal quotations omitted).

*Williams v. Brown*, 2009 WL 2883496 at * 4 (11th Cir. Sept. 10, 2009) (unpublished); *Gadson v. Chatham County Sheriff Dep't*, 2009 WL 1288866 at * 1 (S.D. Ga. May 8, 2009) (unpublished) (applying dismissal standards to *pro se* complaints and reminding that, while complaint *language* may be construed liberally, the same pleading rules apply to pro se litigants as represented litigants, and judges may not advocate for them).

3

ensure that it is legally supported. Because the Court is granting that motion, defendants' stay motion (doc. 20) is **DENIED** as moot.

On the merits, these two defendants have shown that all but one of Williams's *non*-excessive-force claims warrant dismissal. First, his "deliberate indifference" claims against defendant Angela Grant must be dismissed because, at bottom, he at best alleges a mere disagreement with medical treatment policy.[3] In his complaint he faults her for

---

[3] As the Eleventh Circuit explained in *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004):

> It is well established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) (citation and footnotes omitted). A prisoner states a valid claim, under 42 U.S.C. section 1983, "whether the indifference is manifested by prison doctors in their response to the prisoner's needs ... or by prison guards in intentionally denying or delaying access to medical care ... or intentionally interfering with treatment once proscribed." *Id.* at 104-05, 97 S.Ct. at 291.
>
> "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir.2003). First, the plaintiff must prove an objectively serious medical need. *Id.* Second, the plaintiff must prove that the prison official acted with deliberate indifference to that need. *Id.*
>
> "A serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' " *Id.* (citing *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir.1994)). In either case, "the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." *Id.* (citation and internal quotations marks omitted). . . .
>
> To establish the second element, deliberate indifference to the serious medical need, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir.1999).

prescribing him two different drugs, doc. 1 at 5, 7, which (this Court previously noted) could pose interaction problems. Doc. 8 at 2 n. 2. As Grant points out, plaintiff fails to allege any facts showing that Grant was subjectively aware of this matter. *See supra* n 3. This is a critical element of his claim:

> In order to show an objectively serious deprivation of medical care, the inmate must demonstrate: 1) an objectively serious medical need that, left unattended, poses a serious risk of harm; 2) that the response made by public officials to that need was poor enough to constitute an "unnecessary and wanton infliction of pain," and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law; and 3) an attitude of deliberate indifference, which shows that the defendants were *aware* of the facts from which a substantial risk of serious harm could be inferred, and that they actually *did* draw that inference. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11 Cir. 2002).

*Pitts v. Poveda*, 2009 WL 347411 at * 3 (S.D. Fla. Feb. 11, 2009) (unpublished) (emphasis added); *id.* at * 4 ("Liability may be imposed for deliberate indifference only if the plaintiff proves the defendant actually knew of an excessive risk to inmate health or safety and disregarded that risk.") (quotes and cite omitted).

Here, Williams alleges only that Grant and her staff were "deliberately indifferent when they prescribed to [him] the two drugs, Prozac and Ultrum [sic], which because [he took] them together . . .

5

made [him] delusional and paranoid." Doc. 1 at 7. Defendants argue that, to state a claim, plaintiff must allege that they "were *aware* of the facts from which a substantial risk of serious harm could be inferred, and that they actually *did* draw that inference." Yet, he has failed to do that.

The Court agrees. Using the phrase "deliberately indifferent" as a mere shibboleth is not enough; threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, no longer suffice under Fed. R. Civ. P. 8. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). Thus, this claim must be dismissed.

Plaintiff also faults Grant for failing to establish "a working arrangement for [Mental Health (MH)] counselors to promptly see MH prisoners in emergency situations concerning their mental health unless the situation involves attempted suicide." Doc. 1 at 7. Yet, here he at most complains of general medical protocols and prison policies, which does not suffice. Plus his allegations lack a basic § 1983 claim elements such as subjective awareness and causation to the level of intending to punish him:

> to show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of deliberate indifference, which is in turn defined as requiring two separate things: awareness of facts from which the inference could

be drawn that a substantial risk of serious harm exists and drawing of the inference. Ultimately, there are thus four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts.

*Taylor*, 221 F.3d at 1258 (quotes, cites and alterations omitted); *cf. Shriner v. Rohlings*, 286 F. App'x 564, 566 (10th Cir. 2008) (inmate's "allegation that he was denied a transfer for the evaluation of his mental block does not demonstrate 'deliberate indifference' to his 'sufficiently serious' medical needs. . . . And a mere disagreement with the treatment offered by medical staff is not enough to establish an Eighth Amendment violation.") (cites omitted); *Estelle*, 429 U.S. at 106 (a mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation). This claim, too, must be dismissed.

Next, Williams cites alleged deficiencies by Grant's mental health Staff in responding to his sick call. Doc. 1 at 7-8. But this, too, fails to state a § 1983 claim because it is not coupled with an allegation of direct participation. And respondeat superior liability, it has long been held, will not support a §1983 action. *See, e.g., Bryant v. Jones*, 575 F.3d 1281, 1299 (11th Cir. 2009) (liability in § 1983 cases cannot be premised solely

7

upon a theory of respondeat superior; supervisory liability occurs either when a supervisor personally participates in alleged constitutional violation or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation).

Williams further complains that "an officer" tried to burn his arm with a cigarette lighter flame. Doc. 1 at 10. Defendants Grant and Morales move to dismiss because they are not linked to this claim; indeed, the officer is not even named. The Court agrees, and thus to the extent he seeks to hold these two named defendants liable, this claim fails. Williams may amend his complaint to plead either or both of these defendants back into this claim if discovery reveals their participation (e.g., they authorized the attempted burn-torture, or knowingly failed to prevent it).

Finally, Williams complains that "Lt. Morales oversaw the officers take my clothing and underclothing. I was butt naked in a cold bare cell for several hours until they brought me a paper gown." Doc. 1 at 10. Morales argues that plaintiff fails to allege that he suffered any risk of harm or injury, and thus fails to state an Eighth Amendment claim. Doc. 21-2 at 15-17. It must be remembered that

not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. *See generally Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (noting that the Constitution "does not mandate comfortable prisons"). Instead, the Eighth Amendment "is violated only where an inmate is deprived of 'the minimal civilized measure of life's necessities.'" *Tillery v. Owens*, 907 F.2d 418, 426 (3d Cir.1990) (quoting *Rhodes*, 452 U.S. at 347, 101 S.Ct. 2392). Moreover, to be held liable for an Eighth Amendment violation, a defendant must possess a sufficiently culpable state of mind; he must be deliberately indifferent to the inmate's safety. *Wilson v. Seiter*, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

*Jetter v. Beard*, 183 F. App'x 178, 181 (3rd Cir. 2006) (after prison psychiatrist was informed that prisoner had attempted to harm himself and to block view into his cell, psychiatrist's recommendation that correctional officers remove any items from prisoner's cell with which he could harm himself did not amount to Eighth Amendment violation against cruel and unusual punishment, despite prisoner's claims that, as a result, his cell was stripped and he was left naked in his cell for five days, where recommendation was made not to humiliate or harm prisoner, but to ensure his safety and further legitimate penal concerns).

Certainly no medical basis existed here for leaving Williams "butt naked" in his "cold bare cell for several hours." At this, the pleading stage, it is hard to believe that there was no cot with a blanket or other

ways for Williams to keep warm until he was brought a paper gown. Still, the Court is required to accept plaintiff's allegations as true. Is subjecting him to three *hours* of shivering (construed liberally, that is what he fairly alleges) depriving him of the civilized measure of life's necessities?[4]

Courts answer that question by examining the circumstances of each case, and "atmosphere" cases turn on severity, duration, or a combination of both; all that must add up to "extreme" to be actionable. *See Chandler v. Crosby*, 379 F.3d 1278, 1294-95 (11th Cir. 2004) ("'extreme deprivations'" are required to make out a conditions-of-confinement claim under the Eighth Amendment; prisoner may state such a claim by alleging a deficiency as to either cooling or ventilation in isolation, or both in combination; however, "a prisoner's mere

---

[4] Applying cases like *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992), and *Wilson v. Seiter*, 501 U.S. 294 (1991), one court summarized that under the Eighth Amendment an inmate must show that he is

> is incarcerated under conditions posing a substantial risk of serious harm. Within the context of claims that prison conditions constitute a deprivation sufficiently serious to meet the objective component of an Eighth Amendment claim, the Court's inquiry must focus on whether inmates are deprived of the minimal civilized measure of life's necessities. The Constitution does not mandate comfortable prisons. Rather, routine discomfort is part of the penalty that criminal offenders pay for their offenses against society.

*Davis v. Little*, 2009 WL 2849641 at *7 (W.D. Tenn. Sept. 1, 2009) (unpublished).

discomfort, without more, does not offend the Eighth Amendment); *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997) (in determining whether low temperatures in prison cell violate state prisoner's right to be free from cruel and unusual punishment, courts should examine several factors, such as severity of cold, its duration, whether prisoner has alternative means to protect himself from cold, adequacy of such alternatives, and whether prisoner must endure other uncomfortable conditions as well as cold); *Spencer v. Bouchard*, 449 F.3d 721, 728-29 (6th Cir. 2006) (alleged conditions of confinement for pretrial detainee at county jail, including subjection to cold cell continuously for several months, especially when coupled with leaking ceiling in cell, constituted sufficiently serious deprivation to support detainee's § 1983 Fourteenth Amendment inadequate-shelter claim against county officials, even though there was some question as to how cold cell was); *Bell v. Caruso*, 2009 WL 654812 at * 1 (W.D. Mich. Mar 10, 2009) (unpublished).

Here, however, Williams has not alleged enough. Under *Iqbal*, he must supply more than conclusions and vague assertions like "cold bare cell" phraseology. *Iqbal*, 129 S.Ct. at 1949 (pleading that offers labels and conclusions or formulaic recitation of elements of cause of action will

not do, nor does complaint suffice if it tenders naked assertions devoid of further factual enhancement). Accordingly, this claim fails, too.

Accordingly, the named defendants' motion to stay (doc. 20) is **DENIED** as moot and their motion to dismiss (doc. 21) should be **GRANTED in part**. Hence, the Court should dismiss with prejudice plaintiff's claims against defendant Angela Grant, as well as all but his excessive-force claim against defendant Philisia Morales. Finally, plaintiff is directed to deploy his discovery rights to elicit the information that he needs to name the "John Doe" defendants in this case; otherwise, he faces dismissal of them under Fed. R. Civ. P. 4(m), and may well suffer other legal (e.g., statute of limitation) consequences. *See, e.g.*, 6A FED. PRAC. & PROC. CIV.2D § 1498 (*Relation Back of Amendments Changing Parties--In General*) (2009); *Ferreira v. City of Pawtucket*, 365 F.Supp.2d 215, 217 (D.R.I. 2004).

**SO REPORTED AND RECOMMENDED** this <u>24th</u> day of September, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**