# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| STEVEN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CV408-203 |
| ) | |
| LIEUTENANT PHILISIA MORALES ) | |
| and FOUR UNKNOWN PRISON ) | |
| GUARDS, ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Steven Williams brought this 42 U.S.C. § 1983 civil rights action against Wheeler Correctional Facility personnel for, inter alia, violating his Eighth Amendment rights. Doc. 1. The Court previously screened his complaint under 28 U.S.C. § 1915A and concluded that he stated an Eighth Amendment claim. Doc. 8, *adopted*, doc. 12. It later denied his request (as legally unsupported) for subpoenas. Doc. 31. And, it gave the parties until March 16, 2010 to complete discovery. Doc. 29.

Williams now moves the Court "for discovery." Doc. 34. In his motion, he requests a copy of his deposition. *Id.* at 2. He served the "motion" on March 10, 2010 and is basically wasting this Court's time

because his "motion" is simply a late-in-the-game generic discovery request to the defense. In a follow-up brief, he insists "I received a response from the Defendant's lawyer that she wants to refuse me discovery." Doc. 36 at 1. Of course, that comes nowhere near to meeting Local Rule 26.5 ("Discovery Motions and Objections") (particularization and certification requirements).

Meanwhile, Williams is responsible for the cost of any deposition, *in forma pauperis* status or not. *See Tabron v. Grace*, 6 F.3d 147, 158-59 (3rd Cir. 1993) (district court has no authority, under in forma pauperis statute or any other statute, to order government to pay for transcripts of depositions taken by defendant, or any other litigation expenses, for indigent plaintiff); *Palencar v. Cobler Realty Advisors*, 2009 WL 3805882 at * 2 (M.D.Pa. Nov 10, 2009) (collecting cases).

Thus, the Court **DENIES** motion # 34.

The September 24, 2009 Report and Recommendation (R&R) advised the Court to

> dismiss with prejudice plaintiff's claims against defendant Angela Grant, as well as all but his excessive-force claim against defendant Philisia Morales. Finally, plaintiff is directed to deploy his discovery rights to elicit the information that he needs to name the "John Doe" defendants in this case; otherwise, he faces dismissal of them under Fed. R. Civ. P. 4(m), and may well suffer other legal

(e.g., statute of limitation) consequences. *See, e.g.*, 6A FED. PRAC. & PROC. CIV.2D § 1498 (Relation Back of Amendments Changing Parties--In General) (2009); *Ferreira v. City of Pawtucket*, 365 F.Supp.2d 215, 217 (D.R.I. 2004).

Doc. 24 at 12. That R&R has since been adopted, doc. 27, so the Court has amended the caption above to reflect the fact that only Morales and the John Doe defendants remain in this case; all subsequent filings shall conform. Meanwhile, there is no record evidence showing that Williams has made any effort to use the discovery available to him to identify for the Marshal (for Fed. R. Civ. P. 4 service purposes) the "Doe" defendants (i.e., the "Four Unknown Prison Guards" in the above caption).[1] Hence, they should be dismissed without prejudice. The Clerk should then further amend the docket caption accordingly, and once again all subsequent filings should conform.

**SO REPORTED AND RECOMMENDED** this <u>24th</u> day of March, 2010.

<u>s/ G.R. SMITH</u>
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The burden remains on Williams to provide enough information to identify the "Doe" defendants. *Richardson v. Johnson*, ___ F.3d ___, 2010 WL 693629 at * 4 (11th Cir. Mar. 2, 2010) (pro se prisoner, who is proceeding in forma pauperis and has provided enough information to identify prison-guard defendant, shows good cause for failure to effect timely service on prison-guard defendant, if the Marshal could have located prison-guard defendant with reasonable effort).